IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| RICHARD A. SANTIAGO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 5:12-04522 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.    Criminal Action No. 6:06-cr-0515:**

On February 2, 2007, Petitioner pled guilty in the Eastern District of Virginia to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). United States v. Santiago, Case No. 6:06-cr-0515 (E.D.Va. May 4, 2007), Document No. 16. On May 4, 2007, the District Court ordered that Petitioner serve a 300-month term of incarceration to be followed by a five-year term of supervised release. Id., Document No. 27. Petitioner did not appeal

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

his conviction or sentence. On September 21, 2009, Petitioner filed a Motion for Relief Pursuant to 18 U.S.C. § 3582(c). Id., Document No. 31. The District Court denied Petitioner's foregoing Motion by Order entered on September 29, 2009. Id., Document No. 32. On February 3, 2012, Petitioner filed a letter-form Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense. Id., Document No. 33. By Order entered on April 4, 2012, the District Court appointed counsel. Id., Document No. 34. Appointed counsel filed an Amended Motion for Retroactive Application of Sentencing Guidelines regarding Petitioner's Crack Cocaine Offense. Id., Document Nos. 36 and 37. The United States filed its Response on June 12, 2012. Id., Document No. 39. By Order entered on July 5, 2012, the District Court denied Petitioner's Motion finding that "[d]efendant was sentenced as a career offender." Id., Document No. 42. Petitioner filed a Notice of Appeal on July 18, 2012. Id., Document No. 44. On November 27, 2012, the Fourth Circuit Court of Appeals affirmed the decision of the District Court. Id., Document No. 46; United States v. Santiago, 490 Fed.Appx. 575 (4th Cir. 2012).

**B.     Section 2241 Petition:**

On August 20, 2012, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 5:12-04522, Document No. 1.) Petitioner asserts that he is actually innocent of being a career offender based upon United States v. Simmons. (Id., pp. 2 - 3.) Petitioner explains that his prior conviction for "violating Virginia Code 18 § 2-2248 was used against him to enhance his sentence and to 'career' him." (Id., p. 2.) Petitioner argues that his prior conviction resulted in a 1 year sentence and "all but 8 months was suspended." (Id.) Petitioner states that "in this case, I never received more than one year and one day for this offense." (Id., p. 3.) Petitioner contends that "the Court needs to focus on [Petitioner's] conduct that the State Court saw and that the crime was

not aggravated enough to exceed punishment for one year." (Id., p. 4.) Petitioner, therefore, argues that "[s]ince Simmons states only convictions that carry more than one year can be used to 'career' offenders, the Court must disregard this conviction and re-sentence the Petitioner." (Id., p. 2.) Petitioner requests that the Court "order his sentence to be reduced to an Offense Level 31 minus 3 points for acceptance of responsibility." (Id., p. 5.) As an Exhibit, Petitioner attaches a copy of his "Sentencing Order" dated April 5, 1999, as filed in the Circuit Court of Fairfax County, Virginia. (Id., pp. 6 - 7.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242.

Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Eastern District of Virginia. Specifically, Petitioner contends that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may*

> *move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because his Application construed as a Section 2255 Motion is untimely[2] under the one year limitation period of Section 2255(f).

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual

---

[2] Petitioner was sentenced on May 4, 2007, and his sentence became final ten days later when he did not file a Notice of Appeal (May 14, 2007). On August 20, 2012, approximately four years and three months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence as imposed in Criminal No. 6:06-cr-0515. Petitioner's Petition is therefore clearly untimely. The undersigned notes that the miscarriage of justice exception permits review of an otherwise procedurally barred claim where the petitioner makes a showing of actual innocence. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013)(stating that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.) Recently, however, the Fourth Circuit Court of Appeals held that the tolling of the statute of limitations pursuant to *McQuiggin* does not apply to a petitioner's claim that he is actually innocent of his sentence. *United States v. Jones*, 2014 WL 3397758 (4th Cir. July 14, 2014); *also see Hallman v. United States*, 2013 WL 4647536 (D.S.C. Aug. 29, 2013)(finding that *McQuiggin* did not apply to petitioner's claim that he was actually innocent of being a career offender under U.S.S.G. § 4B1.1 because "a claim of actual innocence exists only to overcome procedural default 'where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.'")

to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to

test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. Citing Simmons, Petitioner argues that the sentencing Court improperly considered a prior state conviction as a predicate offense for purposes of classifying him as a career offender pursuant to U.S.S.G. § 4B1.1(a). The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Simmons and Carachuri-Rosendo does not meet the requirements of the saving clause.[3] See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the

---

[3] In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id.* On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Underwood v. Cauley, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and

a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 29, 2014.

R. Clarke VanDervort
United States Magistrate Judge